## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN M. BEARD, | ) |
| | ) No. 2:24-cv-01126-RJC |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Robert J. Colville |
| | ) |
| FRANK J. BISIGNANO[1], Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

This is an appeal from a decision of the Commissioner of Social Security denying Plaintiff Shawn M. Beard's application for disability insurance benefits. Pending before the Court are the parties' cross-motions for summary judgment as well as Plaintiff's Motion to Expedite. ECF Nos. 10, 12, 14, 20, 21. Plaintiff requests that the Court modify the decision of the Commissioner and grant monthly maximum insurance benefits retroactive to the date of initial disability. ECF No. 4.

On August 7, 2024, Plaintiff filed his Motion to Proceed in forma pauperis. ECF No. 1. The Court granted his Motion and Plaintiff's Complaint was docketed along with the exhibits to Plaintiff's Complaint. ECF Nos. 3, 4, 6. A certified copy of the proceedings before the Social Security Administration was filed on October 9, 2024. ECF No. 7.

---

[1] Frank Bisignano is now the Commissioner of Social Security, and he is automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution."); 42 U.S.C. § 405(g) ("Any action instituted in accordance with the subsection shall survive notwithstanding any change in the person occupying the office of Commission of Social Security or any vacancy in such office").

On November 15, 2024, Plaintiff filed his Motion for Summary Judgment. ECF No. 10. On December 5, 2024, Defendant filed its Motion for Summary Judgment (ECF No. 12) along with its Brief in Support (ECF No. 13). On January 7, 2025, Plaintiff filed a second Motion for Summary Judgment. ECF No. 14. On February 13, 2025, Plaintiff filed medical records with the Court. ECF No. 15. On April 8, 2025, this matter was reassigned to the undersigned. On November 25, 2025, Plaintiff filed an Emergency Motion, which includes a letter from a Dr. Haussmann. ECF No. 20. On February 9, 2026, Plaintiff filed a Supplement to his Emergency Motion. ECF No. 21.

## I.    Factual Background

On October 18, 2021, Plaintiff filed an application claiming disability insurance benefits beginning on May 28, 2021. R. at 177.[2] He had previously worked as a CRCST Sterile Processing Tech and Laborer. R. at 204. In his application, Plaintiff reported that he stopped working because he suffered from ankylosing spondylitis with an inoperable mass on his brain stem, rheumatoid arthritis, HIV+ with complications from antiretroviral therapy, attention deficit/hyperactivity disorder, major depressive disorder, generalized anxiety disorder, eosinophilic esophagitis, and dysphagia. R. at 203. On initial review, the Commissioner determined that Plaintiff was not disabled. R. at 93-96.

After receiving that initial decision, Plaintiff requested reconsideration, stating that he disagreed with the decision and had additional evidence to submit in support of his claim. R. at 97. On February 7, 2023, Plaintiff's request for reconsideration was denied. R. at 99-101. Following the denial of his request for reconsideration, Plaintiff requested a hearing before an ALJ, again stating that he disagreed with the decision and that he had additional evidence to submit in

---

[2] Citations to "R." are to the Transcript of Proceedings (ECF No. 7) filed by the Commission in this case.

support of his claim.  R. at 104.  Plaintiff appeared for a hearing, by telephone, on November 17, 2023.  R. at 37.  Plaintiff was represented by counsel.  R. at 40.  At the hearing, the ALJ conducted an examination of Plaintiff and asked questions of an impartial vocational expert.  Additionally, Plaintiff amended his alleged onset date to February 22, 2022.  R. at 43.

After his hearing, the ALJ found that Plaintiff was not disabled.  R. 12-31.  The ALJ determined that Plaintiff had not been engaged in substantial gainful activity since February 22, 2022, and that he had the following severe impairments: ankylosing spondylitis, rheumatoid arthritis, cervical degenerative disc disease with varying degrees of spinal canal and neural foraminal stenosis, mild lumbar and thoracic degenerative disc disease, De Quervain tenosynovitis, small left CP angle mass, depression, anxiety, and attention deficit hyperactivity disorder.  R. at 17-18.  The ALJ found that Plaintiff's other conditions, including cellulitis, past Covid infection, HIV, syphilis, gonorrhea, obesity, hyperlipidemia, and eosinophilic esophagitis, were either asymptomatic and/or controlled with treatment, not of required duration to be considered a severe impairment, and/or did not significantly limit Plaintiff's ability to perform basic work activities.  R. at 18.  The ALJ further found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).  R. at 18-19.

Based on the above impairments, the ALJ assessed Plaintiff with the following residual functional capacity:

> to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally balance, stoop, kneel, crouch, and climb ramps and stairs, never crawl, and never climb ladders, ropes, or scaffolds. He can perform occasional operation of foot controls. He is unable to perform overhead reaching and can perform frequent reaching in all other directions bilaterally. He can frequently perform bilateral handling and fingering. He can have no more than occasional exposure to extreme

cold, extreme heat, vibration, loud noise, humidity, and wetness. The claimant can understand, remember, and carry out simple instructions. He cannot perform fast-paced assembly line type of work or hourly quota work but can sustain a flexible and goal-oriented pace.

R. at 21.  Considering Plaintiff's age, education, work experience, and the above-formulated residual functional capacity, the ALJ determined at step five of the five-step analysis (described in detail below) that "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  R. at 29.

Plaintiff next requested review of the ALJ's decision by the Appeals Council.  R. at 7.  The Appeals Council denied his request for review, stating that it had "found no reason under [its] rules to review the Administrative Law Judge's decision."  R. at 1.  After the Appeals Council denied his request, Plaintiff sought review of the Commissioner's decision in this Court.  ECF No. 4.  The Commissioner answered.  ECF No. 7.  The parties then filed cross-motions for summary judgment. ECF Nos. 10, 12, 14.  Plaintiff then filed a Motion to Expedite.  ECF No. 20.

## II.    Legal Standard

Courts review the Commissioner's factual findings for "substantial evidence."  42 U.S.C. § 405(g).  Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  In reviewing whether substantial evidence supports the Commissioner's findings, courts may not "re-weigh the evidence or impose their own factual determinations."  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also Zirsnak v. Colvin*, 777 F.3d 607, 610–11 (3d Cir. 2014).  In other words, reviewing courts must affirm the Commissioner if substantial evidence supports the Commissioner's decision, even if they would have decided the case differently.

4

To determine if a claimant is disabled, the Commissioner follows a five-step sequential inquiry. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v); 20 C.F.R. § 416.920(a)(4)(i)–(v).   The Third Circuit has previously explained this sequential analysis, and the shifting burdens that attend each step, in detail:

> The first two steps involve threshold determinations. In step one, the Commissioner must determine whether the claimant currently is engaging in substantial gainful activity. If a claimant is found to be engaging in substantial gainful activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. If the impairment is equivalent to a listed impairment the disability claim is granted without further analysis. If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. The claimant bears the burden of demonstrating an inability to return to his past relevant work. If the claimant does not meet the burden the claim is denied.
>
> If the claimant is unable to resume his former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. The Commissioner must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his or her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether he is capable of performing work and is not disabled.

*Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545–46 (3d Cir. 2003) (internal citations omitted). The analysis is identical whether an application seeks disability insurance benefits or supplemental security income. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 n.3 (3d Cir. 2004).

### III.    Discussion

The Court begins by noting that Plaintiff filed two documents both entitled as Motions for Summary Judgment.  ECF Nos. 10, 14.  Plaintiff has also filed medical records with the Court and an Emergency Motion and Supplement which raise arguments in support of his Motions for Summary Judgment.  ECF Nos. 6, 15, 20, 21.  The Court construes Plaintiff's first Motion (ECF No. 10) as his Motion for Summary Judgment and his second Motion (ECF No. 14) as his Reply.[3] In his Motion, Plaintiff does not raise any specific arguments or identify any misapplication of legal standards.  Instead, he simply introduces himself and states that he is unable to work or perform daily activities.  *See* ECF No. 10.  In his Reply, Plaintiff discusses a recent Bell's palsy diagnosis, the loss of his previous job, and provides some general arguments as to certain assertions made in the Defendant's Brief.  *See* ECF No. 14.  The Court recognizes that Plaintiff is pro se, however, Plaintiff has raised no clear argument of error on the part of the ALJ.  Instead, even considering arguments raised for the first time on Reply, Plaintiff does little more than rehash his impairments without pointing to any specific material legal deficiency in the ALJ's reasoning or raising any evidence the ALJ overlooked.  Even so, the Court construes Plaintiff's arguments as ones arguing that the ALJ's decision is not supported by substantial evidence and, specifically, that the ALJ improperly considered the findings of his treating physician and improperly considered his subjective complaints.  While the Court is sympathetic to Plaintiff's ailments, to the extent Plaintiff requests that the Court reweigh the evidence and reconsider the ALJ's findings, such a reconsideration is not permitted, as the Court is limited to determining whether the ALJ's decision is supported by substantial evidence.

---

[3] The Court notes that the first two pages of the Motion filed at ECF No. 14 are identical to the Motion filed at ECF No. 10.

An ALJ's findings are entitled to substantial deference by reviewing courts.  *See Scott v. Astrue*, 297 F. App'x 126, 128 (3d Cir. 2008) ("This Court is required to grant the ALJ deference and affirm if substantial evidence supports the ALJ's finding.  This standard places considerable weight on the findings of the ALJ and this Court overturns only if it concludes that a reasonable mind would not support such a conclusion.") (internal citations omitted).  "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

The Court begins with Plaintiff's arguments that the Commissioner relies primarily on opinions from doctors who are not specialists in his medical conditions and/or who only evaluated him for five minutes.  *See* ECF No. 14.  While Plaintiff raises this argument as to the Commissioner's Motion, at no point does he directly argue that the ALJ failed to properly consider opinions from his treating physicians or improperly relied upon opinions from non-treating physicians.  Further, Plaintiff's argument is conclusory and offers no citations to the record to support his argument.  Lastly, to the extent Plaintiff is requesting that the Court reweigh the evidence, such is not appropriate pursuant to the prevailing standard of review.

Outside of the above, to the extent Plaintiff is arguing that the opinions of his treating physicians should be given more weight, such an argument is without merit.  The Third Circuit's "treating physician rule" is not applicable to this matter in light of revisions to the rules for weighing physician opinions set forth in 20 C.F.R. § 404.1520c.[4]  *Tracie O. v. Bisignano*, Civil Action No. 3:23-cv-01861, 2025 WL 2690308, at *8 (M.D. Pa. Sept. 19, 2025).  Under these revisions, the opinions of treating physicians are no longer given preferential treatment and instead

---

[4] The revision is effective for social security claims filed on or before March 27, 2017.  Here, Plaintiff filed his claim for disability benefits on October 18, 2021.

7

no specific weight is given to opinions from any physician. *Id.* The ALJ's assessment of a given physician's opinion must be supported by substantial evidence, which ordinarily requires the ALJ to determine whether the opinion is supported by and consistent with the medical record. *Id.*

Here, the only opinion from Plaintiff's treating physician is that from Dr. Oppermann, who opined that Plaintiff would need a cane for life. R. at 1102. Assessing supportability and consistency, the ALJ did not find this opinion persuasive, finding that, prior to this opinion, "Dr. Opperman's exam[s] do not mention the need for a cane and consistently document a normal gait and station." R. at 27. Further, the ALJ did not find this opinion persuasive because, during an exam with Dr. Kajic, the Plaintiff "report[ed] occasional use of a cane, but he did not bring the cane with him, and exam revealed a normal gait, 5/5 strength in the bilateral upper and lower extremities, and intact sensation." *Id.*

The Court finds that substantial evidence supports the ALJ's decision to not find the opinion of Dr. Oppermann persuasive. While not raised by Plaintiff, the Court notes that the ALJ's finding regarding the persuasiveness of Dr. Oppermann's opinion contains a citation error, as it misattributes findings from an exam by Nurse Practitioner Fahr to Dr. Kajic, a psychologist who also evaluated Plaintiff. R. at 27. In reviewing Dr. Kajic's exam, Dr. Kajic makes none of the findings listed by the ALJ. R. at 668-681. Likewise, though N.P. Fahr's examination does mention that Plaintiff reported use of a cane but did not bring the cane with him and walked with a normal gait, it did not find 5/5 strength in the bilateral upper and lower extremities and intact sensation, as reported in the ALJ's decision. R. at 638-654. Moreover, while the ALJ correctly noted that "Dr. Opperman's exam[s] do not mention the need for a cane," R. at 27, Plaintiff's treatment notes do include some earlier references to mobility challenges. *See, e.g.*, R. at 1218 (self-reporting "moderate problems walking around").

"[A]ny evaluation of an administrative agency disability determination must also take into account the fundamental principle that: 'No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.'" *Metzger v. Berryhill*, No. 3:16-CV-1929, 2017 WL 1483328, at *4 (M.D. Pa. Mar. 29, 2017) (quoting *Moua v. Colvin*, 541 Fed. Appx. 794, 798 (10th Cir. 2013)); *see also Seaman v. Soc. Sec. Admin.*, 321 Fed. Appx. 134, 135 (3d Cir. 2009) (affirming ALJ decision after noting potential harmless errors). Accordingly, reviewing courts must determine whether an ALJ's errors are harmless, which "depends on whether the other reasons cited by the ALJ . . . provide substantial evidence for" the decision. *Williams o/b/o J.H. v. Kijakazi*, No. 1:20-CV-00624, 2021 WL 4439438, at *11 (M.D. Pa. Sept. 28, 2021). Remand is only required if the alleged ALJ error "would [] affect the outcome of the case." *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005).

Here, the ALJ's citation errors are harmless. First, the errors were not raised by Plaintiff. Further, the ALJ's misattribution of N.P. Fahr's findings to Dr. Kajic is harmless, as an ALJ's mere scrivener's error does not compel remand when the opinion is substantively supported by the underlying record. *See Nelson v. Bisignano*, No. 4:24-CV-263, 2025 WL 2713743, at *3 (M.D. Pa. Sept. 23, 2025) (ALJ error was harmless when the opinion was substantively supported by the record despite "misnam[ing] the medical experts who drafted the [relied-upon] opinions"). Moreover, the ALJ did not solely rely on the misattributed opinion of N.P. Fahr, and instead relied on additional substantial evidence in finding that Dr. Oppermann's opinion was unpersuasive—namely, that Dr. Oppermann's prior exams had revealed normal gait and did not note the need for a cane. R. 27. The ALJ's inaccurate reference to other exam findings is thus likewise harmless, given that her findings were otherwise supported by the record. *See Day v. Astrue*, No. 09-CV-

9

6045, 2010 WL 4780771, at *5 (E.D. Pa. Nov. 22, 2010) (ALJ's erroneous findings were harmless because they were not determinative and because the ALJ made additional findings adequate to support the decision). Under these circumstances, remand to the ALJ to correct her mistake would serve no purpose because it would have no effect on the outcome of the matter. *See Gunn v Kijakazi*, 705 F. Supp. 3d 315, 325 (E.D. Pa. 2023) (finding the ALJ's error when finding an opinion unpersuasive was harmless because the error was not the sole reason that the ALJ found that opinion unpersuasive).[5]

Next, the Court turns to Plaintiff's arguments about his mental health. Plaintiff disagrees with Defendant's statement that Plaintiff's "mental health was normal and/or improved/subsided" arguing that it is a "close minded opinion to believe that mental and physical disabilities do not see good and bad days." ECF No. 14-1. Plaintiff further argues that a review of his medical records does not support such a conclusion. *Id.* As such, the Court construes Plaintiff to be arguing that substantial evidence does not support the ALJ's determination. However, Plaintiff has not pointed the Court to any record evidence in support of his arguments and, in reviewing the determinations made by the ALJ, the Court finds that the ALJ's findings are supported by substantial evidence.

The remainder of Plaintiff's arguments surround subjective complaints about his impairments and limitations. Specifically, Plaintiff details his physical pain and limitations,

---

[5] Though it was not raised by Plaintiff, the Court further notes that the ALJ's decision may have inaccurately stated that Plaintiff "lives alone." R. at 23, 28. While the record is somewhat unclear about whether Plaintiff was living independently, *see, e.g.*, *id.* at 76, Plaintiff testified at his hearing that he lives with his parents. *Id.* at 45. Nonetheless, the ALJ did not rely solely on the fact that Plaintiff lives alone to support any finding, instead listing this purported fact among other evidence relating to Plaintiff's limitations. *See id.* at 28 (explaining that Plaintiff "interacts well, handle his finances, lives alone, has consistently been looking for work, and describes his anxiety as manageable, his mood as good, and his ADHD symptoms as alleviated by medication"). Because the ALJ did not rely solely on this fact for any finding and instead offered additional reasons supporting her decision with respect to Plaintiff's limitations, this potential error is also harmless. *See Williams o/b/o J.H.*, 2021 WL 4439438, at *11 (ALJ error in adequately addressing a single fact was harmless when the ALJ had otherwise "thoroughly addressed" Plaintiff's proffered limitations).

including that he had to move in with his parents.  While, "[a] claimant's subjective complaints merit careful consideration, [] the ALJ is not required to accept them uncritically."  *Murane v. Colvin*, Civ. No. 15-7704, 2017 WL 548941, at *5 (D. N.J. Feb. 10, 2017) (citing *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011)).  The ALJ is tasked with assessing whether such complaints are credible and arriving at an independent judgment in light of the medical findings and evidence, as subjective complaints "cannot alone establish disability."  *Id.* (quoting *Gantt v. Comm'r Soc. Sec.*, 205 Fed. App'x 65, 67 (3d Cir. 2006)) (internal citations omitted). Here, there is no evidence that the ALJ inappropriately considered Plaintiff's subjective complaints, and Plaintiff has not pointed the Court to any specific finding or record evidence in support of an argument that the ALJ's findings are not supported by substantial evidence.  Further, Plaintiff's Motions appear to principally speak to his current situation at the time he filed his Motions and not directly to the evidence that was presented to the ALJ.

Lastly, the Court will address the new evidence submitted to the Court by Plaintiff.  First, Plaintiff states in his Motion that he is dealing with Bell's palsy for the third time and his neurologist has stated that the left side of his face may not return to normal.  ECF No. 14, p. 3. The Court construes this as an argument that new evidence exists to support Plaintiff's claim of disability.  In order for new evidence to be material, and, thus require remand, "the new evidence [must] relate to the time period for which benefits were denied, and [ ] not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition."  *Orndorff v. Colvin*, 215 F. Supp. 3d 391, 406 (M.D. Pa. 2016) (quoting *Szubak v. Secretary of Health and Human Services*, 745 F.2d 831, 833 (3d Cir. 1984)).

Here, Plaintiff has failed to establish that this evidence is new or material or that it was omitted for good cause.  The medical records submitted by Plaintiff suggest that he was diagnosed

11

with Bell's palsy in September of 2024, meaning that it does not relate to the time period for which benefits were denied. While the records provide some evidence that Plaintiff had Bell's palsy in the past, he never previously sought benefits based on Bell's palsy, and the ALJ never considered whether he was disabled based on a diagnosis of Bell's palsy. As such, Plaintiff has failed to establish that his recent Bell's palsy diagnosis is new evidence appropriately before the Court.

Next, Plaintiff filed medical records with the Court concerning a February 2025 follow-up visit for Plaintiff's ankylosing spondylitis that contains handwritten information about new medications. ECF No. 15. Again, Plaintiff has failed to establish that this evidence is new or material or that it was omitted for good cause. Further, in order for the Court to consider new evidence it must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Here, the medical records at issue concern a time period after the ALJ's decision and, therefore, are not new or material evidence before the Court.

Third, Plaintiff has submitted a letter from Dr. Andrew Haussmann offering a medical opinion about Plaintiff's disability. ECF No. 20-1. In the letter, dated November 19, 2025, Dr. Haussmann states that Plaintiff became "a primary care patient of mine earlier this year." *Id.* Further, Dr. Haussmann opines that Plaintiff is not suitable for employment because of the symptoms he experiences as well as his "inability to perform most tasks needed in sustained employment." *Id.* Again, Plaintiff has failed to establish that this evidence is new or material or that it was omitted for good cause. Specifically, Plaintiff has offered no explanation for his failure to acquire this medical opinion prior to his hearing. *See Scatorchia v. Commissioner of Social Sec.*, 137 F. App'x 468, 472 (3d Cir. 2005) (finding that plaintiff had failed to "provide any explanation for her failure to acquire" additional medical records and opinions prior to the hearing) (collecting cases). As such, the new evidence is not properly before the Court.

12

Therefore, for the above stated reasons, Plaintiff's Motions for Summary Judgment are denied, and any arguments raised in support of his Motions for Summary Judgment in his Motion to Expedite and supporting documentation are denied. Plaintiff's request that the Court expedite its decision is dismissed as moot. The Commissioner's Motion for Summary Judgment is granted.

## IV.    Conclusion

For the reasons discussed above, the Court will deny Plaintiff's Motions for Summary Judgment and grant the Commissioner's Motion for Summary Judgment. An appropriate Order of Court follows.

BY THE COURT:

*/s/  Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: July 22, 2026

cc: All counsel of record

Shawn M. Beard
290 High St.
P.O. Box 134
Fleming, PA 16835

13